# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| **JANET FAYE COONTZ,** | **CIVIL ACTION NO. 5:16-332- KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **NANCY A. BERRYHILL,** **ACTING COMMISSIONER OF SSA,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

The plaintiff Janet Coontz brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Coontz's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Coontz has not engaged in substantial gainful activity since August 27, 2013, the alleged onset date. (Administrative Record ("AR") at 39.)

At step two, the ALJ determined that Coontz suffers from the following severe impairments: low back pain/lumbago with degenerative lumbar disc and right carpal tunnel syndrome. (AR at 39.)

At step three, the ALJ found that Coontz did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 41.)

Before proceeding to step four, the ALJ determined that Coontz has the residual functional capacity (RFC) to perform a reduced range of "medium" work, finding that she can:

> lift and/or carry up to 50 pounds occasionally and 25 pounds frequently; sit six hours out of eight; walk and/or stand six hours out of eight; and push and/or pull up to the exertional limitations. She can frequently handle, finger and feel with the bilateral upper extremities. She can frequently climb ramps and stairs but never climb ladders, ropes and scaffolds. She can frequently stoop, kneel, crouch and crawl. She cannot work at unprotected heights or around moving mechanical parts or with vibration.
> .

(AR at 42.)

At step four, the ALJ determined that, given the RFC described above, Coontz can still perform her past relevant work as a material handler and, thus, she is not disabled. (AR at 44.)

The ALJ also made an alternative finding. Proceeding to step five, the ALJ determined that, even if Coontz is unable to perform past relevant work, there are other jobs that exist in significant numbers in the national economy that Coontz can perform and, thus, she is not disabled. (AR at 44.)

## ANALYSIS

Coontz raises two objections to the ALJ's decision. First, she argues that the ALJ erred in rejecting the opinion of her treating physician, Dr. Craig Enlow, without giving good reasons for

doing so. Second, she argues that the ALJ erred in failing to consider her diagnosis of severe arthritis in her left thumb as a severe impairment.

As to the ALJ's consideration of Dr. Enlow's opinion, ALJs must "evaluate every medical opinion [they] receive" about a claimant and give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c), (c)(2). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id*.

Dr. Enlow, who was Coontz's primary care physician and treated her for back and leg pain and depression, opined that Coontz has "moderate limitation" in her ability "to deal with normal stresses of competitive employment such as working at a constant pace, working appropriately with co-workers and supervisors, not taking an excessive number of breaks, etc." (AR at 442.) He further opined that Coontz could sit, stand, and walk for only 15 minutes without changing positions and that she could sit, stand, and walk for less than two hours in an eight-hour workday. (AR at 443.) He opined that she would need to include frequent periods of walking and would have to "lie down at will" during an eight-hour workday. Dr. Enlow opined that Coontz should use a cane or other assistive device when standing and walking. He further opined that Coontz could lift less than 10 pounds only occasionally, 10 pounds only infrequently, and that she should could never left more than 20 pounds. (AR at 444.)

In developing Coontz's RFC, the ALJ gave Dr. Enlow's opinion "little weight." (AR at 43.) Nevertheless, the ALJ gave good reasons for doing so. The ALJ noted that Dr. Enlow's opinion dated November 18, 2014 was inconsistent with Dr. Enlow's prior treatment notes, which consistently indicated that Coontz had a normal gait and that the examination of her back, muscle

3

strength and tone were normal. (AR at 288, 291, 297, 300, 438.) On October 29, 2014, Dr. Enlow reported Coontz's musculoskeletal symptoms were all negative. (DE 438.) The ALJ noted that Dr. Enlow's opinion was based partly on his assertion that she had reflex changes, positive straight leg raising, muscle weakness, and abnormal gait but that these conditions are not documented in Dr. Enlow's treatment notes. The ALJ also noted that nowhere in Dr. Enlow's treatment notes is there any suggestion that Coontz should use a cane or other assistive device. Further, the ALJ noted that, after Dr. Enlow's opinion, Coontz's pain-management specialists indicated that her symptoms were managed with her current medication regime. (AR at 449.) These are good reasons for discounting Dr. Enlow's opinion.

Next, Coontz argues that the ALJ erred in failing to find that the arthritis in her left thumb was a severe impairment. The ALJ did, however, find that Coontz suffered from some severe impairments i.e., low back pain/lumbago and right carpal tunnel syndrome. Having found any severe impairment, the ALJ was then required to proceed to the remaining steps of the disability determination. In making the determination, "the ALJ must consider limitations and restrictions imposed by all of [the] individual's impairments, even those that are not severe." *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (quoting *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir.2007)). "Thus, so long as the ALJ considered all of the individual's impairments when assessing how much work the claimant can do, the 'failure to find additional severe impairments . . . does not constitute reversible error.'" *Id.* (quoting *Fisk*, 253 F. App'x at 583).

Accordingly, the real issue is whether the ALJ appropriately considered Coontz's arthritis when determining her ability to work. Coontz points out that Dr. Janak Talwalkar's notes state that radiographs of Coontz's left thumb showed "endstage osteoarthritis." (AR at 401.) The ALJ

4

recognized this diagnosis and the fact that the condition was treated with injection therapy. (AR at 40, 393.) Coontz never followed up with the orthopedist after the injection. The ALJ reasonably determined that this suggested "a good response to this injection." (AR at 40.) Coontz argues that her endstage osteoarthritis prohibits her from lifting 50 pounds but she cites no objective medical evidence supporting that argument.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 10) is **DENIED**;

2. The defendant's motion for summary judgment (DE 12) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated September 25, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY